GEORGE CORNWELL v. THE STATE.

1. CRIMINAL LAW. *Minutes of court. Entry of indictment.*
   An indictment was found against C.; returned into court, and the following entry made upon the minutes: " This day came into open court the grand jury, there being more than twelve of their number present, including their foreman, and, under oath, by the hand of their foreman returned into open court a number of true bills of indictment, which were received by the court and filed by the clerk." *Held,* that such entry was fatally defective in not identifying the indictment upon which C. was tried as the one found and returned by the grand jury.

2. SAME.  *Correction of minutes.*

It is improper for a Circuit Court at a subsequent term to order an amendment of an original entry of the return and filing of an indictment made at a preceding term.  But if it be a case where the court had a right to make an original entry at a term subsequent to that at which the indictment was found, an invalid entry made at a preceding term might be ignored, and the correct entry made at a succeeding term would be good as an original entry.

3. SAME.  § 2795, *Code* 1871.  *Improper entry.  Effect.*

Under § 2795 of the Code of 1871, when the accused is not in custody or on bail at the time of indictment found, no entry of the finding is to be made until after his arrest; and in such case the power of the court to make the entry after arrest would not be lost because there had been an improper and insufficient entry before arrest.

4. SAME.  *Recognizance.  Judgment of justice of peace.  Mittimus.  Sheriff.*

A sheriff derives his power to take a recognizance, under § 2788 of the Code of 1871, from the judgment of the justice of the peace making the commitment.  The *mittimus* is the certificate of the judgment, and its loss does not vacate the judgment nor deprive the sheriff of authority to take bail; and if a recognizance be taken in conformity with the judgment, as set forth in the lost *mittimus*, the obligation will be valid.  The accused released on such recognizance will be considered as on bail, and the entry of indictment found must appear on the minutes at the first term, and there is no power to make such entry at a succeeding term.

5. SAME.  *Indictment.  Entry of finding.*

No entry on the minutes of the court of the *finding* of an indictment is required to be made at any term.  Sect. 2795 of the Code prohibits any entry on the minutes of an indictment *found* (having been found) at the return term or any subsequent term, until the appearance of the defendant.  The provision has reference merely to avoidance of publicity, and does not require an entry on the minutes of the *finding* of an indictment.  It is "found" when "filed," dated and signed by the clerk, and § 2795 relates to an indictment "found," and not to the finding of one.  *Per* CAMPBELL, J., dissenting.

ERROR to the Circuit Court of Union County.

Hon. J. W. C. WATSON, Judge.

On the twenty-fourth day of December, 1875, George Cornwell was brought before a justice of the peace of Union County, on a charge of grand larceny.  After examination, the justice of the peace entered judgment that the accused should enter into recognizance of $250, for his appearance at the Circuit Court; or, in default thereof, should be committed to jail.  At

the next term of the Circuit Court of said county, which occurred in March, 1876, the said Cornwell was indicted; and when the indictment was returned into court, the following entry was made upon the minutes: " This day came into open court the grand jury, there being more than twelve of their number present, including their foreman, and, under oath, by the hand of their foreman returned into open court a number of true bills of indictment, which were received by the court and filed by the clerk." At the August. Term, 1876, of said court, another entry was made, in the usual form, of the return and finding of the indictment against George Cornwell for larceny, reciting also that " the same was received on the eleventh day of March, 1876, by the court, and filed by the clerk with his indorsement thereon, the said defendant then not being in actual custody or on bail or recognizance to answer said offence." On the same day this last entry was made the defendant moved to quash the indictment, because —

1. The minutes of the court, at the term when the indictment was found, do not show any organization of the court.

2. The minutes at said term do not show that the district attorney was present, or that there was any district attorney in attendance upon the court.

3. The minutes of the court do not show that said indictment was returned into open court by the foreman of the grand jury, in the presence of at least twelve of said grand jurors who found the indictment.

4. The. minutes do not show the organization of a legal grand jury at the term said indictment was found.

In support of his motion the defendant introduced evidence to show that, at the time he was indicted, he was bound on a recognizance to appear at the Circuit Court to answer the charge for which he was indicted. It was proved that the justice of the peace who examined the charge against the accused on the 24th of December, 1875, as above stated, had issued a *mittimus*, which never reached the sheriff; but on 25th December, 1875, the sheriff took a recognizance for the defendant's appearance at the next term of the Circuit Court, in accordance with the judgment of the justice of the peace and *mittimus* thereon.

But it was proved that the sheriff had never seen the *mittimus.* The court overruled the motion.

*Potter & Green,* for the plaintiff in error.

1. All entries of proceedings must be made on the minutes of the term at which the proceedings are had. *Mc'Quillen* v. *State,* 8 S. & M. 587; *Cachute* v. *State,* 50 Miss. 168. The only exception to this rule is made by § 2795 of Code 1871. Where the entry is attempted to be made at the term of indictment found, but such attempted entry is wholly insufficient, this section does not confer the power to change the entry or substitute a new one at the next term.

2. The prisoner was *on bail* at the time the indictment was found. The said section expressly excepts this state of case from its operation, and the full entry must be made on the return of the indictment into court. This not having been done, there was no sufficient entry of the return of the indictment into court, and it should have been quashed.

*G. E. Harris,* Attorney-General, for the State.

1. The return of the indictment into court is sufficiently shown by the record. See Code 1871, §§ 2794, 2795; *Laura's Case,* 26 Miss. 176; *Friar's Case,* 3 How. 423; *Goodwin's Case,* 4 S. & M. 535; *Cachute's Case,* 50 Miss. 165; *Taylor's Case,* 52 Miss. 84; *Fitzcox's Case,* 52 Miss. 923.

2. The prisoner was present when he was arraigned and put on trial; he was on recognizance, and if he left during the retirement of the jury, it was voluntary, and he waived his right to be present when the verdict was rendered. *Price* v. *State,* 36 Miss. 531. His right to be present proceeds upon the presumption that he is in custody. *Stubbs's Case,* 49 Miss. 716.

3. It was not error to overrule the motion for a new trial. *Goode* v. *Linecum,* 1 How. (Miss.) 281. The statute requiring instructions to be marked "given" is directory, and intended to avoid confusion. Code 1871, § 643.

The testimony of Head and Lattimore was not objected to on the trial, and it is too late to raise the question on a motion for a new trial. *Vicksburg Railroad* v. *Ragsdale,* 51 Miss. 448; *Storm* v. *Green,* 51 Miss. 103; *McRaven* v. *McGuire,* 9 S. & M. 34; *Phillips* v. *Lane,* 4 How. 122.

CHALMERS, J., delivered the opinion of the court.

The entry on the minutes of the term at which the indictment was found was fatally defective in not sufficiently identifying the indictment upon which the prisoner was tried, as being the one which was found and returned by the grand jury. This defect in the entry having been discovered at the next succeeding term, the circuit judge then ordered a fresh entry to be made, reciting the finding, and bringing in and filing of the indictment (properly identifying it), as having occurred at the preceding term; and the accused was thereupon put upon trial, convicted and sentenced.

The principal error assigned is the action of the court in ordering at the second term a correction of the entry made at the preceding one; and if its action is to be construed as an amendment of the original entry, it was manifestly improper. If, however, it was a case where, under the statute, the court had a right to make an original entry at a term subsequent to that at which the indictment was found, then the first invalid entry might well be ignored, and the correct entry made at the succeeding term would be good as an original one.

By § 2795 of Code 1871, it is provided that "no entry of an indictment found shall be made on the minutes of the court at the term at which the same is found, unless the defendant is in actual custody, or on bail or recognizance to answer such offence. But such entry may be made on the minutes of the court at any time after the appearance of the defendant."

Wherever under this statute an accused person is not in custody nor on bail at the time of indictment found, no entry of the finding is to be made until after his arrest; after which event such entry may be made: and it seems manifest that in such case the power of the court to make the entry after arrest would not be lost because there had been an improper and insufficient entry before arrest.

The rightfulness of the second entry in the case at bar depends therefore on the question whether the accused was in custody or on bail at the time of indictment found. The learned judge below, correctly apprehending that this was the question involved, took proof on the subject, and arrived at

the conclusion that the accused was not in custody nor on bail at the date of the finding of the indictment, and therefore overruled the motions for new trial and in arrest of judgment. If his conclusions of fact were correct, we concur in his view of the law; but we cannot agree with him in holding, under the proof disclosed by the bill of exceptions, that the accused was at large without bond when the indictment was found. He had been arrested immediately after the larceny, and by the committing magistrate had been required to give bond for his appearance at the Circuit Court, in the sum of $250, with two sureties. Failing to give the bond, he was committed to jail under a *mittimus*, correctly setting forth the nature of the commitment and the amount of bail required, and directing the sheriff in accordance with the statute to release him upon his entering into recognizance as required by the terms of the *mittimus*. This *mittimus* was lost by the constable while *en route* to the jail; but the prisoner was nevertheless received and incarcerated by the sheriff, and two days afterwards released upon a recognizance which in all respects complied with the requirements of the lost *mittimus*, as was shown by the proof taken. We presume that the sheriff was informed by the constable of the contents of the *mittimus*. ·

The sheriff who took this recognizance went out of office shortly thereafter, and failed to deliver it to his successor, in consequence of which it was not transmitted to the circuit clerk at the ensuing term of court. After the finding of the indictment, therefore, the clerk, having no knowledge of the existence of the recognizance, issued a *capias* for the accused, who was rearrested, and gave a second recognizance in vacation.

The court below held that the first recognizance was invalid, and that the defendant was not under bond at the date of the indictment, upon the ground, as we suppose, that the sheriff had no authority to take a recognizance without a *mittimus*. We concede the principle, but dissent from the conclusion drawn from the facts. The sheriff undoubtedly derives his power to take the recognizance, under § 2788 of the Code, from the judgment of the justice of the peace making the commitment; and his action must strictly conform to the re-

quirements of the judgment.  This judgment is certified to him by the *mittimus,* but the loss of the certificate does not vacate the judgment, nor deprive the sheriff of the authority to take bail.  If notwithstanding its loss he does take a recognizance in exact conformity with the judgment of the court, as set forth in the missing *mittimus* (as is affirmatively shown to have been done in the case at bar), the obligation will be valid and binding upon the principal and his sureties. We conclude, therefore, that the accused was under recognizance when indicted ; that the return of the indictment into court should have been properly entered upon the minutes at the first term ; that there was no power to make such entry at a succeeding term ; and hence that the judgment should be reversed, the indictment quashed, and the prisoner held to await the further action of the grand jury.

<em>Let judgment be entered accordingly.</em>

CAMPBELL, J., delivered the following dissenting opinion : —

My view of § 2794 and § 2795 of the Code is that they changed the medium of furnishing evidence of the finding of an indictment by a grand jury, and presenting it in court. Prior to the Code of 1857, from which those sections are copied, the presentment in court of all indictments was required to be entered upon the minutes of the court, without which there was no valid indictment.  The evil of this was publicity, and flight of the accused sometimes.   Therefore it was enacted that the marking " filed," and dating and signing by the clerk, should occur on presentment of indictments by the foreman of the grand jury in the presence of at least twelve of such jury, including such foreman, and that is all that *is required to take place.*  The idea is that the court will not receive indictments, except at the hands of the foreman, in the presence of the required number of such jury ; and when received by the court and delivered to the clerk, and marked " filed," dated and signed, the indictment is legally in court ; but lest publicity be given to the fact of indictment found, no entry of the fact, by statement of the case or other such mention of it as to make it known, shall be made if the defendant is not in custody, or on bail.  The language of § 2795 is " no

entry of an indictment *found*," speaking of it as a thing done and completed. It is "found" when presented to the court as required, and marked "filed," and dated and signed by the clerk. If the defendant is in custody, or on bail, no harm comes of making an entry of the case on the minutes for any of the various purposes for which the style of cases is entered on the minutes; but if he is at large, no entry of the case, or any order in reference to it, shall be made on the minutes at the term at which it is found; but after the appearance of the defendant an entry may be made, not *of the finding of the indictment*, but of an indictment *as found*, and as a case in court. An entry on the minutes of the court of the finding of an indictment is never required at any term. The marking "filed," and dating and signing by the clerk, evidences an indictment *found*. When the defendant is arraigned, he may raise the question whether the indictment he is called to answer was so found or not. To require an entry on the minutes of the court of the finding of an indictment on the appearance of the defendant at a subsequent term is to compel the farce of making an entry on the minutes of a fact, the only evidence of which is the "filed," date and signature of the clerk, which are thus made sufficient to put the entry on the minutes, but not sufficient evidence of an indictment found to require the defendant to answer it. From the finding to the appearance of the defendant the only memorial of the indictment found is itself, with the requisite mark, "filed," and date and signature of the clerk; and upon these the entry *must*, it is said (the statute says *may*), be made on the minutes. A new clerk or judge, or both, may be in office, or, if the same are in, memory is not a legal repository of the finding of an indictment on which to make the entry on the minutes.

No harm can result from treating the marking "filed," dating and signing by the clerk, as evidence of an indictment having been found. This is simple and easy of comprehension. It avoids interminable difficulties. It is a safeguard to defendants against being held to answer indictments, not in truth found by a grand jury; for if the entry is made on the minutes, of the finding of an indictment, it "admitteth of no.

averment to the contrary," but if a spurious indictment purporting to have been presented and " filed," dated and signed by the clerk, were read upon his arraignment, he could be heard to show the contrary.

I think marking " filed," dating and signing are a *substitute* for what before was required to be shown by the minutes, and not in *addition* to it.